UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAZI SOMAN | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION OF MINNESOTA, | * | |
| ABC INSURANCE COMPANY and DAVID | * | |
| LYNCH | * | MAGISTRATE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendants Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota (hereinafter "Target"), and David Lynch, (sometimes referred to collectively as "defendants") who hereby request this Honorable Court to remove that certain matter styled "Gazi Soman vs. Target Corporation of Minnesota, ABC Insurance Company, and David Lynch" from the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Middle District of Louisiana, on the following grounds, to-wit:

1.

On or about June 5, 2020 plaintiff filed a petition for damages against named defendants Target Corporation of Minnesota, ABC Insurance Company and David Lynch. Plaintiff Gazi

1

Soman alleged that he received personal injuries as a result of slipping and falling on or about June 6, 2019 at a Target store location in Baton Rouge, Louisiana.

2.

In the petition plaintiff alleged he is a resident and is domiciled in the Parish of East Baton Rouge, State of Louisiana.  Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendant Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota.  Therefore, Target is a citizen of the State of Minnesota. This entity was served with the Petition for Damages through its registered agent for service of process on June 16, 2020.

4.

The petition also named as defendant David Lynch in his capacity as a managerial employee of the Target store were the incident occurred.  However, plaintiff has no arguable claim under Louisiana Law for recovery against this defendant, and has joined him as a defendant in this matter for the sole reason to defeat diversity jurisdiction and keep this matter in state court.

5.

Because plaintiff has no arguable or reasonable basis on which to state a cause of action against defendant David Lynch, the joining of this defendant and any alleged lack of diversity caused by his presence does not bar removal to this court. Moreover, Defendant ABC Insurance

Company was sued under a fictitious name. Under 28 USC § 1441 (a) the citizenships of defendants sued under fictitious names are disregarded for removal purposes.

6.

Plaintiff and the only properly joined defendant Target are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

7.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

    A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

8.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages in which the plaintiff was seeking in the state court proceeding, i.e., the amount in controversy. The petition only made generic allegations that Gazi Soman's damages consisted of past, present and future: physical pain and suffering; mental pain, anguish and distress; loss of enjoyment of life; lost wages; disability; impairment of earning capacity; medical expenses; and other elements of damages to be shown more fully at trial.

9.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing. Since the filing of the petition for

damages, and within the last 30 days, defendants have received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. Defendants are informed and believes that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs.

10.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000 "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that supports a finding of the requisite amount.'" *Grant v. Chervon Phillips Chemical Co., 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).* Here, it was not facially apparent from the petition that the claim likely exceeded $75,000. However, since the filing of the petition, and within the last 30 days, Target has received plaintiff's discovery responses and medical records which indicate that the amount in controversy will exceed $75,000. These discovery responses and medical records constitute "other papers" from when it first may be ascertained that the above captioned matter is removable.

11.

The "other papers" received by the defendant Target consisted of Gazi Soman's responses to Target's Interrogatories and Request for Production of Documents. The answers to

4

Interrogatories were received on September 1, 2020 by email correspondence. The Responses to Request for Documents with attached medical records and bills were received by mail on September 4, 2020. These "other paper(s)" evidence that the amount plaintiff will seek in the state court proceeding will exceed $75,000, exclusive of interest and costs. More specifically, the answers to Interrogatories provide that plaintiff has seen no less than 21 medical care providers for alleged injuries resulting from the Target fall. His medical care is ongoing, with continuing medical expenses submitted at $34,297.37. In addition plaintiff claims a "substantial amount of lost wages" since the fall. Submitted wage records in the discovery responses for the year 2019 indicate a lost wage claim of nearly $35,000 noting that he had not worked for the rest of the 2019 year due to his injuries.

12.

The medical records submitted by plaintiff in response to defendants' Request for Production of Documents provide a main complaint of back pain from the fall. After seeing several medical providers plaintiff underwent a Lumbar MRI which reportedly showed: L2-3 bulge, L3-4 grade 1 herniation, L4-5 herniation, stenosis L2 to L5, and bilateral facet arthropathy greatest L3-S1. Medical care providers include emergency room treatment on several occasions due to pain complaints, treatment by his primary care physician, chiropractic treatment, orthopedic evaluation and treatment, neurosurgeon evaluation and treatment, and pain management. His diagnoses included: prolapsed lumbar intervertebral disc, stenosis of intervertebral foramina, radiculopathy lumbar region, intervertebral disc displacement, disc degeneration, sprain, bilateral sciatica and somatic dysfunction of sacral region. His pain

complaints during examinations were noted to be at 8 to 10 out of 10 across his lower back and into the right leg. He reported that he was unable to get up from sitting without help at times, had severe pain when moving his toes, was unable to sit, walk or stand for a prolonged time without an increase in pain, had to use a cane, and complained of stiffness, tenderness and spasm in the lower back. Two lumbar epidural injections were performed in February and April 2020. Dr. Turnipseed remarked that he elected the interventional treatment to potentially avoid surgery, but surgery will be needed if the treatment was not successful. As of his June 2020 visit with Dr. Isaza, orthopedic spine surgeon, he reported that his legs were previously the strongest part of his body, but now people have to help him up from a seated position. Due to the progressive weakness in his lower extremities, Dr. Isaza referred him for a bilateral lower extremity EMG.

13.

In addition, the petition fails to provide a general allegation that the claim is less than the amount necessary to provide for lack of jurisdiction of federal court due to insufficiency of damages under La. C.C.P. art. 893. The state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs. Defendants are informed and believes that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000, exclusive of interest and costs, based on plaintiff's recently received discovery responses.

14.

While Target admits no liability, nor any element of damages, Target has met its burden of showing that the amount in controversy for Gazi Soman's claims are in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs and may be properly removed to the United States District Court for the Middle District of Louisiana. The discovery responses of Gazi Soman clearly establish plaintiff will seek alleged damages sufficient to compensate him for continuing medical expenses that total nearly $35,000 and a lost wage claim of nearly $35,000. The total claim for specials equals nearly $70,000 and is ongoing. In addition plaintiff will seek compensation for his alleged pain and suffering for diagnosed injuries of prolapsed lumbar intervertebral disc, stenosis of intervertebral foramina, radiculopathy, intervertebral disc displacement, disc degeneration, sprain, bilateral sciatica and somatic dysfunction of sacral region. Future surgery is a further possibility, which would increase the claim for future medicals and general damages.

**B.** **COMPLETE DIVERSITY**

15.

Defendant Target is a foreign corporation organized under the laws of the State of Minnesota, with its principal places of business in Minneapolis, Minnesota. Named defendant ABC Insurance Company is a fictitious defendant and therefore any alleged citizenship of same is disregarded under 28 U.S.C. § 1441.

16.

Plaintiff alleges he is a resident and domiciled of the Parish of East Baton Rouge, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

17.

Accordingly, there is complete diversity of citizenship between the plaintiff and the only properly joined defendant Target.

18.

Named defendant David Lynch is alleged to be a citizen of the State of Louisiana. The allegations against this defendant is that he is liable to plaintiff in his position as a managerial employee of the Target store. No other specific allegations are made against him as to his alleged responsibility for plaintiff's incident. The allegations of fault against this defendant arise from the general administrative responsibilities of his employment. Under Louisiana law, "personal liability cannot be imposed on the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *See, Canter v. Koehring Company, 283 So.2d 716, 721, reh. den. (La.1973)*. Therefore, plaintiff has no arguable claims against this defendant under state law.

19.

As plaintiff has no arguable claim against defendant David Lynch, plaintiff has joined him as a defendant in this matter for the sole reason to defeat diversity jurisdiction and keep this matter in state court. Because plaintiff has no arguable or reasonable basis on which to state a

cause of action against him, the joining of defendant David Lynch and any alleged lack of diversity caused by his presence does not bar removal to this court.

20.

Accordingly, there is complete diversity of citizenship between the plaintiff and the only properly joined defendant, Target.

21.

Therefore, this is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse properly joined parties.

## II. **DEFENDANTS HAVE STATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

22.

Defendant Target Corporation was served with the Petition for Damages through its registered agent for service of process on June 16, 2020. Defendant David Lynch was served with the Petition for Damages on June 10, 2020. It was not readily ascertainable from the petition for damages whether the matter was removable at the time of service upon Target and Mr. Lynch. The original petition only made general allegations of damages without information as to medical expenses, treatment rendered, and/or diagnosed conditions. Those generic allegations did not allow for removal at the time of service of same upon either defendant.

23.

Since the filing of the petition for damages, and within the last 30 days, defendants have received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. The "other papers" received by the defendants consisted of Responses to Interrogatories and Request for Production of Documents received on September 1, 2020 and medical and wage records received on September 4, 2020. Therefore, this Notice of Removal is being filed within thirty (30) days after first receipt by defendants of a copy of another paper/pleading from which it may first be ascertained that the case is one which is or has become removable. This notice of removal is further being filed within one year of commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) (3) and 28 U.S.C. § 1446(c).

24.

Further, consent to removal from the improperly joined defendant David Lynch is not required. Nonetheless, improperly joined defendant David Lynch has consented to the removal.

25.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

26.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

27.

No previous application has been made by any named defendants in this case for the relief requested herein.

28.

Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, and improperly named defendant David Lynch, wishes to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Middle District of Louisiana. The claims that plaintiff, Gazi Soman, have asserted in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. The claims which plaintiff, Gazi Soman, have asserted in the state court proceeding, therefore, fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Middle District of Louisiana. See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

29.

Target Corporation and David Lynch respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Middle District of Louisiana, effecting a removal of that certain matter styled, "Gazi Soman vs. Target Corporation, ABC

Insurance Company, and David Lynch" from the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana".

30.

Pursuant to 28 U.S.C. § 1446(a), a copy of the all pleadings filed in the state court proceeding are attached as exhibits. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Gazi Soman, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

31.

Defendants Target Corporation and David Lynch are entitled to and hereby requests **trial by jury** of all issues herein.

WHEREFORE, defendants, Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota, and David Lynch, hereby prays for removal of this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana, and for trial by jury.

Respectfully Submitted:
**LAWRENCE, KNIGHT & CURLIN**

By: __/s/David P. Curlin__
David P. Curlin (#20771)
John S. Lawrence, Jr. (#19678)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone: (985) 674-4446
David@lawrence-knight.com
John@lawrence-knight.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: *Robert M. Lucky, attorney for plaintiff*.

__/s/David P. Curlin__