UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GAZI SOMAN

VERSUS

TARGET CORPORATION OF MINNESOTA,
ABC INSURANCE COMPANY AND
DAVID LYNCH

CIVIL ACTION NO.

20-649-BAJ-EWD

## NOTICE AND ORDER

Gazi Soman ("Plaintiff") filed suit against Target Corporation of Minnesota ("Target"), ABC Insurance Company, and David Lynch ("Lynch")[1] in state court seeking to recover for injuries allegedly sustained as the result of a slip and fall that occurred on or about June 6, 2019 at a Target store (the "Accident"). Plaintiff alleges that the Accident was caused by the fault and negligence of Target, and its store manager, Lynch, in creating an unreasonably dangerous condition and/or in failing to keep the premises free of same.[2] On September 29, 2020, Target and Lynch filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on the assertions that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that the properly joined parties are completely diverse.[3]

On December 11, 2020, the Court issued a *sua sponte* Order regarding whether diversity subject matter jurisdiction exists because, although the citizenship of Plaintiff and Target had been

---

[1] Lynch and Target are collectively referred to as "Defendants."
[2] R. Doc. 1-6, ¶¶5, 8-13.
[3] R. Doc. 1. With respect to the amount in controversy, Defendants assert that they learned through Plaintiff's responses to state court discovery that Plaintiff has seen "no less than 21 medical care providers for alleged injuries resulting from the Target fall." Plaintiff's medical care is ongoing with expenses at the time of removal of $34,297.37 and an estimated lost wage claim of nearly $35,000 for 2019 alone. According to Defendants, Plaintiff's medical records also show a disc bulge and two disc herniations, stenosis and bilateral facet arthropathy, with pain 8 to 10 out of 10 across Plaintiff's lower back and into his right leg. Plaintiff has been treated with lumbar epidural steroid injections and may need surgery if that treatment is not successful. R. Doc. 1, ¶¶11 & 12.

1

adequately alleged and ABC Insurance Company's citizenship was not considered,[4] the Notice of Removal did not adequately allege the citizenship of Lynch.[5]  Target and Lynch timely complied with the *sua sponte* Order.  The Amended Notice of Removal alleges that Lynch is a citizen of Louisiana,[6] the same state as Plaintiff, however, Defendants argue that Lynch's citizenship should be disregarded because Plaintiff has no basis for recovery against Lynch.[7]

The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[8] "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[9] and "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[10] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[11] As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[12]

---

[4] The Notice of Removal alleges that Plaintiff is a citizen of Louisiana and Target is a citizen of Minnesota.  R. Doc. 1, ¶¶2 & 3.  Because ABC insurance Company is sued under a fictitious name, its citizenship is disregarded pursuant to 28 U.S.C. § 1441(b)(1).
[5] R. Doc. 6.
[6] R. Doc. 9, ¶ 4.
[7] *Id.*
[8] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).
[9] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011)). *See also*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.").
[10] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. Dec. 4, 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[11] *Smallwood,* 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).
[12] *Id.*

Defendants appear to rely on the second method of establishing improper joinder. A court may resolve this issue in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, in limited cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[13] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[14]

"Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[15] As this Court cannot ensure the existence of federal subject matter jurisdiction until the issues of Lynch's joinder are resolved, Plaintiff must address the issue of the claims against Lynch.[16] Accordingly,

**IT IS ORDERED** that on or before **March 24, 2021**, Plaintiff shall file either: (1) a Motion to Remand based on lack of subject matter jurisdiction, addressing the alleged improper joinder of

---

[13] *Smallwood*, 385 F.3d at 573.
[14] *Id*. at 573-74. *See also*, *id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also*, *African Methodist*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").
[15] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).
[16] This Court has previously explained that in the employee-defendant context, improper joinder is typically found when a plaintiff seeks to impose liability on a non-diverse employee solely for breaches of his or her general administrative duties. *See Haynes v. Healthcare Services Group, Inc*., No. 13-649, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014) (citing authority).

David Lynch; or (2) a motion for leave to file an amended complaint deleting all claims against Lynch.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 3, 2021.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**