## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GAZI SOMAN**                                              **CIVIL ACTION NO.**

**VERSUS**                                                      **20-649-BAJ-EWD**

**TARGET CORPORATION OF MINNESOTA, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 13, 2022.

                                                        **ERIN WILDER-DOOMES**
                                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GAZI SOMAN                                                                                       CIVIL ACTION NO.

VERSUS                                                                                                20-649-BAJ-EWD

TARGET CORPORATION OF MINNESOTA, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand,[1] filed by Gazi Soman ("Plaintiff"). The Motion is opposed by Defendants Target Corporation of Minnesota ("Target") and David Lynch ("Lynch").[2] As Defendants have met their burden of establishing that Lynch is improperly joined, it is recommended[3] that the Motion be denied, and this action referred to the magistrate judge for issuance of a scheduling order.[4]

**I.   BACKGROUND**

Plaintiff alleges that he sustained injuries when he "slipped and fell onto the floor due to a clear substance spillage on the tile floor" while on the premises of the Super Target store number 1369, located in Baton Rouge, Louisiana.[5] The Petition for Damages names Target, Lynch, and ABC Insurance Company as defendants.[6]

On September 29, 2020, Target and Lynch (collectively, the "Removing Defendants") filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[7] The Court issued a Notice and Order on December 11, 2020 that required the Removing Defendants to file an amended Notice of Removal to adequately allege Lynch's

---

[1] R. Doc. 11.
[2] R. Doc. 12.
[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).
[4] The scheduling conference was canceled pending evaluation of subject matter jurisdiction. R. Doc. 5.
[5] R. Doc. 1-6, ¶ 3.
[6] R. Doc. 1-6, ¶ 1.
[7] R. Doc. 1, ¶7.

citizenship.[8] Per the Amended Notice of Removal, Plaintiff is a citizen of Louisiana,[9] Target is a citizen of Minnesota,[10] and Lynch is also a citizen of Louisiana.[11] Although Removing Defendants allege that Lynch is a Louisiana citizen, they contend that Lynch was improperly joined.[12] Specifically, Removing Defendants assert:

> Named defendant David Lynch is a resident and is domiciled in the Parish of East Baton Rouge, Louisiana. Therefore, David Lynch is a citizen of the State of Louisiana. Nevertheless, the allegations against this defendant are that he is liable to plaintiff in his position as a managerial employee of the Target store. No other specific allegations are made against him as to his alleged responsibility for plaintiff's incident. The allegations of fault against this defendant arise from the general responsibilities of his employment. Under Louisiana law, "personal liability cannot be imposed on the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *See, Canter v. Koehring Company*, 283 So.2d 716, 721, reh. den. (La. 1973). Therefore, plaintiff has no arguable claims against this defendant under state law.[13]

Based on Removing Defendants' assertion that Lynch was improperly joined, Plaintiff was ordered to file either a motion to remand or an amended complaint deleting his claims against Lynch to clarify the jurisdictional issue.[14] In accordance with that Order, Plaintiff filed the instant Motion, alleging that Lynch is a properly joined, non-diverse defendant because, as store director, he "likely was located in very close proximity of the front of the store where the water was located and the fall occurred. Further considering the weather conditions, he should have been extremely watchful of the condition of the floors upon the entry that was so close to the customer service area."[15]

---

[8] R. Doc. 6.
[9] R. Doc. 9, ¶ 16
[10] R. Doc. 9, ¶ 15.
[11] R. Doc. 9, ¶ 18. The citizenship of ABC Insurance Company, a fictitious entity, is disregarded in determining whether the action is removable based on diversity jurisdiction. *See*, 28 U.S.C. § 1441(b)(1).
[12] R. Doc. 9, ¶¶ 18-20.
[13] R. Doc. 9, ¶ 18.
[14] R. Doc. 10.
[15] R. Doc. 11-1, pp. 5-6.

Removing Defendants oppose remand and ask the Court to pierce the pleadings and consider specific, discrete facts which they claim establish that Lynch was not present when the incident occurred such that Plaintiff cannot state a claim against Lynch.

## II.   LAW AND ANALYSIS

### A.   Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[16] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[17] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[18] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[19] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[20] The removing party has the burden of proving federal diversity jurisdiction.[21] Remand is proper if at any time the court lacks subject matter jurisdiction.[22]

### B.   Standard for Improper Joinder

The only issue raised in support of remand is whether Lynch is properly joined.[23] If Lynch, a Louisiana citizen, is properly joined, his presence in this action precludes removal and the Motion

---

[16] 28 U.S.C. § 1441(a).
[17] 28 U.S.C. § 1332(a)-(a)(1).
[18] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[19] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).  No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.
[20] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[21] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[22] *See*, 28 U.S.C. § 1447(c).
[23] Plaintiff does not challenge that Removing Defendants have established amount in controversy.  As evidence of amount in controversy, Removing Defendants point to medical expenses totaling $34,297.37 at the time of removal and a lost wage claim of nearly $35,000.  *See* R. Doc. 1, ¶ 11.  This is sufficient to establish the amount in controversy by a preponderance of the evidence. *See also*, R. Doc. 6, n. 8 (noting that amount in controversy appears to be met).

to Remand should be granted.[24]  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[25]  "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[26] and "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[27]

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[28]  As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[29]  The Removing Defendants do not assert that there has been fraud in the pleading of jurisdictional facts related to Lynch, so the question before the Court is whether Plaintiff has a reasonable basis of recovery against Lynch under state law.[30]

A court may resolve this issue in one of two ways.  "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which

---

[24] 28 U.S.C. §1441(b)(2).
[25] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).
[26] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014), quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011).  *See also*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor.  The burden of persuasion on those who claim fraudulent joinder is a heavy one.").
[27] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014), citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[28] *Smallwood,* 385 F.3d at 573, quoting *Travis*, 326 F.3d at 646-47.
[29] *Id*.
[30] Although Plaintiff's Petition appears to assume that Lynch was present on the date of the incident, which Lynch disputes, it is still proper to analyze improper joinder under the second standard. As noted by one district court, to satisfy the first test for improper joinder, "the removing party must prove that the plaintiff either actually concealed, or knowingly made false representations, regarding any fact that must exist for the court to properly exercise jurisdiction over the case...." *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 607 (N.D. Tex. 2009). Removing Defendants do not assert that Plaintiff concealed jurisdictional facts, although the parties may disagree regarding Lynch's knowledge and actions.

4

a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[31] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[32]

    C.    **Removing Defendants Have Met Their Burden of Establishing that Lynch Was Improperly Joined**

"When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims."[33] "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances."[34] "This 'liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship.'"[35] "If the elements for imposing individual liability on the corporate employee are met, it does not matter than the corporation might also be liable."[36] Conversely, when considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned…[with] whether a viable claim may be made against [the defendant employee] personally

---

[31] *Smallwood*, 385 F.3d at 573.
[32] *Id*. at 573-74. *See also*, *id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also*, *African Methodist*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").
[33] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Nos. 10-684, 12-147, 2013 WL 1296678, at * 2 (M.D. La. March 28, 2013), citing *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed.Appx. 451, 453 (5th Cir. 2011) & *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).
[34] *Kemp v. CTL Distribution, Inc.*, 440 Fed.Appx. 240, 245 (5th Cir. 2011) (unpubl.), citing *Canter v. Koehring*, 283 So.2d 716 (La. 1973), *superseded on other grounds by statute,* La. R.S. § 23:1032 (1998)).
[35] *Id*., citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) and *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994).
[36] *Ford*, 32 F.3d at 936, citing *H.B. 'Buster' Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975).

and not whether [the employer] may be held vicariously liable for the action of its employees."[37]  As explained by the Fifth Circuit, "[v]icarious liability is not a revolving door. In certain situations, an employer may be held liable for the negligent acts of its employees…but *Canter* does not attach liability to a managerial employee absent breach of a duty personally owed by the employee to third parties."[38]

"Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care."[39]  "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability."[40]  "In order for a corporate officer to be held liable for purported personal fault or negligence which arises out of a breach of duty, that person must have some personal contact with and responsibility towards the injured employee."[41]

The Petition contains very few specific allegations as to Lynch.  Plaintiff alleges that Lynch was the manager of the store where the alleged slip-and-fall occurred,[42] and that Lynch was acting in the course and scope of his employment with Target at the time of the alleged slip-and-fall such that Target is "jointly, severally, solidarily, and vicariously liable" for Lynch's actions.[43]  Plaintiff further

---

[37] *Hornsby v. AlliedSignal, Inc.*, 961 F.Supp. 923, 930 (M.D. La. 1997).  *See also*, *Haynes v. Healthcare Services Group, Inc.*, No. 13-649, 2014 WL 2769080, at * 2 (M.D. La. May 30, 2014) ("To begin, vicarious and personal liability are not antithetical. 'If the elements for imposing liability on the corporate employee are met, it does not matter that the corporation might also be [vicariously] liable.'") (citing, *Ford*, 32 F.3d at 936)).
[38] *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911, 918-19 (5th Cir. 2009).
[39] *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013), citing *Canter*, 283 So.2d at 721.
[40] *Id*. (affirming district court's denial of motion to amend to add non-diverse employees and agreeing that plaintiff's "proffered amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law.").
[41] *Esco v. Smith*, 468 So.2d 1169, 1175 (La. 1985).  *See also*, *Canter*, 283 So.2d at 721 ("personal liability cannot be imposed upon the…employee simply because of his general administrative responsibility for performance of some function of the employment.  He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.").
[42] R. Doc. 1-6, ¶ 3.
[43] R. Doc. 1-3, ¶ 6.

6

claims that all defendants are liable for his injuries under La. Civ. Code art. 2315 and 2317.1,[44] and generally describes the particulars of Target's and Lynch's negligence as follows:[45]

1. In failing to exercise that degree of care that we might reasonably expect of an ordinarily prudent person under the same or similar circumstances;

2. In failing to exercise reasonable care to keep its aisles, passageways, and floors in a reasonable safe condition;

3. In creating the unreasonably dangerous condition;

4. In failing to timely correct an unreasonably dangerous condition on its premises;

5. In failing to properly warn potential victims of the hazardous condition;

6. In failing to properly inspect its premises;

7. In failing to maintain its premises in a safe condition for use in a manner consistent with purposes for which premises are intended; and

8. Any and all acts of negligence, omissions, and/or legal fault that shall be discovered and shown at the time of this trial, including violations of state and parish regulations and ordinances.

All the allegations against Lynch in the Petition are based on his role as the manager of the Target store where this incident occurred. Plaintiff's arguments in brief—that Lynch, as store manager, had a responsibility to monitor the cleanliness of the floors and that he should have been extremely watchful of the condition of the floors because Plaintiff presumes Lynch would have been in close proximity to the front of the store—are too general and speculative to find that Plaintiff has stated a claim against Lynch.[46] While "[a] supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*'" the allegations in the Petition do not show such knowledge.[47] Courts have consistently found that where a plaintiff fails to allege that a non-diverse

---

[44] R. Doc. 1-6, ¶¶ 8 & 9.
[45] R. Doc. 1-6, ¶ 13.
[46] R. Doc. 11-1, pp. 5-6.
[47] *Ford*, 32 F.3d at 936 (employee's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*). *See also*, *Creppel v. Apache Corp.*, No. Civ. A. 04-865, 2004 WL 1920932, at * 3 & n. 1 (E.D. La. Aug. 25, 2004); *Mathes v. PNK (Baton Rouge) Partnership*, No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017), quoting *Haynes*, 2014 WL 2769080, at *3 (citing *Canter*, 283 So.2d at 721 (emphasis added)) ("This Court has previously held that, 'Under Louisiana law, an employee's personal involvement in causing the alleged injury *or the employee's knowledge of the dangers present* could give rise to the personal duty contemplated by *Canter*.'"); *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Flitter v. Walmart Stores, Inc.*, No. 09-236, 2009 WL 2136271, at * 3 (M.D. La. June 19, 2009) ("Plaintiff alleges in her petition that defendant Spence 'was aware of the fact

defendant had personal knowledge of, or actively contributed to, the dangerous condition, the plaintiff has failed to state a claim against that defendant.[48] *Amaya v. Holiday Inn New Orleans – French Quarter*,[49] relied on by Plaintiff,[50] is distinguishable. In *Amaya*, the plaintiff filed suit against a hotel, and its general manager, Cody Odom ("Odom"), for injuries she suffered when she was assaulted in the hotel. In that case, the court found that Odom was properly joined. There, however, the court determined that plaintiff had alleged that Odom received complaints about the individuals who ultimately assaulted the plaintiff (also hotel guests) but had failed to adequately respond.[51] In other words, the *Amaya* court determined that the plaintiff had adequately alleged personal knowledge by Odom and a failure to cure the risk.

---

that the roof of the building was defective and leaked during rain showers, and was aware of the fact that the condition of the floors in the building due to the leaks in the roof was such that unsuspecting patrons were subjected to a significant danger in merely walking in the store' (rec.doc.1–3). Spence's alleged knowledge of the defective condition that caused plaintiff's accident gives rise to a heightened duty to the store patrons. Thus, a finding that Spence failed to remedy a known defective condition may give rise to personal fault….").

[48] *See*, *Giles v. Wal-Mart Louisiana, LLC*, No. 16-2413, 2016 WL 2825778, at * 4 (E.D. La. May 13, 2016) ("Plaintiff does not allege that Jabbia personally knew or actively contributed to any alleged unsafe conditions. Plaintiff's allegation that all Defendants 'had actual or constructive knowledge' of the allegedly dangerous condition on the premises is a conclusory allegation that the Court is not required to accept and it does not amount to an allegation that Jabbia personally of the allegedly dangerous hole in the parking lot."); *Black v. Lowe's Home Centers, Inc.*, No. 10-478, 2010 WL 4790906, at * 3 (M.D. La. Oct. 22, 2010) ("Considering that there is no evidence that Mr. Davis was present at the Lowe's store on the date of the accident and that Mr. Black has not alleged or testified to any personal breaches of duty by Mr. Davis relating to the accident (such as testimony that Mr. Davis personally left the band in question on the floor or that Mr. Davis had knowledge of its presence on the floor of the plumbing aisle and failed to take steps to remove it), it appears that the plaintiffs are seeking to impose liability on Mr. Davis for breaches of his general administrative duties as a store manager (such as his duties to supervise, inspect, and train), which is precluded by *Canter*."). *See also, Carter v. Wal-Mart Stores, Inc*., No. 04-0072, 2005 WL 1831092 (W.D. La. July 28, 2005). The *Carter* court considered whether three non-diverse defendants were properly joined. The court found that the two non-diverse managers were improperly joined based on generic allegations that they were responsible for training and implementing safety procedures (*i.e.*, the plaintiff sought to hold these defendants liable for breaches of general administrative duties). With respect to the third non-diverse employee defendant, plaintiffs theorized that the employee "was aware that the [overhead metal display rack] was falling on them, yet failed to give warning." *Id*. at * 3. The court explained that "[a]s a general rule of tort law, there is no duty on the part of an onlooker, who has committed no act of negligence, to come to the aid of another in peril absent a special relationship" and that "Plaintiffs' proposed amended complaint contain[ed] no allegation that Wal-Mart delegated to [the employee] any duty to warn customers of safety hazards." *Id*.
[49] No. 11-1758, 2011 WL 4344591, at * 3 (E.D. La. Sept. 15, 2011).
[50] *See*, R. Doc. 11-1, p. 5.
[51] The *Amaya* court also noted that the defendants had not submitted any evidence that Odom had only general duties regarding safety in the hotel and was not responsible for monitoring the floor where the assault on the plaintiff allegedly occurred, nor did they put forward any evidence that Odom did not have personal knowledge of the events that occurred on that floor. *Amaya*, 2011 WL 4344591, at * 3, n. 16. As explained, below, Removing Defendants have submitted such information in this case.

Even if the initial determination was that Plaintiff had adequately stated a claim against Lynch, remand should be denied. Once a plaintiff has stated a claim against a non-diverse defendant, the Removing Defendants "must come forward with evidence to negate a possibility of liability against the non-diverse defendant."[52] Removing Defendants assert that Plaintiff's allegations against Lynch are untrue because Lynch was not present at the store on the date and time when the incident allegedly occurred.[53] In support, Removing Defendants submit the affidavit of Lynch, in which he states that he was not physically present on the date and time of Plaintiff's accident, that he did not create the condition, and that he did not have prior knowledge of the condition.[54]

In *Davidson v. Georgia-Pacific, L.L.C.*,[55] the Fifth Circuit explained when it is proper for a court to pierce the pleadings to determine whether there are limited, undisputed facts that may establish that the plaintiff cannot recover against the in-state defendant:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be *disproved* if not true."[56]

Here, Removing Defendants have provided such facts regarding Lynch's lack of involvement with the incident that forms the basis of Plaintiff's claims. Based on Lynch's affidavit, it is undisputed[57] that he was not present when the accident allegedly occurred. Accordingly, he had neither prior knowledge, nor did he participate in the creation, of the condition about which Plaintiff complains.

---

[52] *Randolph v. Wyatt*, No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010), citing *Travis*, 326 F.3d at 650-51. *See also*, *Haynes*, 2014 WL 2769080, at *4, quoting *Randolph*.
[53] R. Doc. 12, p. 8.
[54] R. Doc. 13.
[55] 819 F.3d 758, 766 (5th Cir. 2016), citing *Travis*, 326 F.3d at 650 n. 3.
[56] 819 F.3d at 766-67, citing *Smallwood*, 385 F.3d at 573-74 & n. 12) (emphasis added in *Davidson*).
[57] Notably, Plaintiff did not file a reply memorandum or request jurisdictional discovery to obtain information to traverse the affidavit provided by Lynch.

While contested issues of facts and any ambiguities of state law must be resolved in favor of remand,[58] discrete, uncontested facts may be considered.

### III. CONCLUSION

The vague allegations in the Petition as to Lynch are insufficient to state a claim against him. Even if the Petition did state a claim, Removing Defendants have presented discrete, undisputed facts to establish that Lynch was not present when Plaintiff's accident allegedly occurred, such that he could not have been aware of, nor created, the hazardous condition about which Plaintiff complains. Accordingly, the Motion to Remand should be denied, and Plaintiff's claim against Lynch dismissed without prejudice.[59]

### **RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Remand,[60] filed by Plaintiff Gazi Soman, be **DENIED** as Removing Defendants Target Corporation of Minnesota and David Lynch have established that Lynch, though non-diverse, was improperly joined.

**IT IS FURTHER RECOMMENDED** that Plaintiff Gazi Soman's claims against David Lynch be **DISMISSED WITHOUT PREJUDICE**, and that this matter be referred to the undersigned for entry of a scheduling order as to Plaintiff's remaining claims against Target Corporation of Minnesota and ABC Insurance Company.

Signed in Baton Rouge, Louisiana, on January 13, 2022.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[58] *African Methodist*, 756 F.3d at 793.
[59] *See, Montoya v. State Farm Mut. Auto. Ins. Co.,* No. 16-00005 (RCL), 2016 WL 5942327, at *3 (W.D. Tex. Oct. 12, 2016) ("When a court determines a nondiverse party was improperly joined to defeat diversity, that party must be dismissed without prejudice."), citing *Int'l Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016).
[60] R. Doc. 11.