### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

GAZI SOMAN                                                    CIVIL ACTION

VERSUS

TARGET CORPORATION OF
MINNESOTA, ET AL.                                    NO. 20-00649-BAJ-EWD

### RULING AND ORDER

In this slip-and-fall case, Plaintiff seeks damages from Target Corporation of Minnesota for having allegedly created an "unreasonably dangerous condition" at its store on Siegen Lane in Baton Rouge, Louisiana. (Doc. 1-6 at pp. 3-7, *hereinafter* "Petition," at ¶ 11). Specifically, Plaintiff contends he entered Target's store on a rainy evening in June 2019 and immediately "slipped and fell onto the floor due to a clear substance spillage on the tile." (*Id.* at ¶¶ 3-4). Now, Target moves for summary judgment, arguing that Plaintiff has failed to develop evidence to support multiple elements of his claims under the Louisiana Merchant Liability Statute, La. R.S. § 9:2800.6. (Doc. 21). Plaintiff's deadline to oppose is past, with no response from Plaintiff.

The summary judgment standard is well-set: to prevail, Target must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiff—the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). Even so, under the Federal *and* Local Civil Rules, Plaintiff *must*

1

counter with *evidence* to support his claims: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *see also* M.D. La. LR 56. To the point, summary judgment is *required* if Plaintiff fails to "produce any summary judgment evidence on an essential element of his claim." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

To establish his premises liability claim, Plaintiff must show: (1) he was injured as a result of a hazardous condition existing on Target's premises; (2) Target either created or had actual or constructive notice of the condition; and (3) prior to Plaintiff's injury, Target failed to exercise reasonable care. La. R.S. § 9:2800.6. Here, even assuming that a hazardous condition (pooled rainwater) existed at Target's front door *and* that Target knew of the water, Plaintiff's claim *still* fails because it is undisputed that Target took reasonable care to ensure that its guests were protected. Specifically, the unrebutted evidence shows that approximately 30 minutes prior to Plaintiff's arrival, as part of Target's "rainy day procedures," Target placed two yellow caution cones at the store entrance to caution customers against slipping. (Doc. 21-3 at ¶¶ 1, 3). Additionally, Target placed umbrella bag wrapper holders in the front entrance vestibule for customers to use to prior to entering the sales area. (*Id.* at ¶ 2). Plaintiff admits that prior to slipping, he saw "a wet floor sign"—*i.e.*, a yellow cone—but still proceeded in his path. (*Id.* at ¶ 12; Doc. 21-8 at p. 16). On these undisputed facts, there is simply no basis to conclude that Target failed to exercise reasonable care to protect its customers. *See Turner v. Brookshire Grocery Co.*, 34,562

(La. App. 2 Cir. 4/4/01), 785 So. 2d 161, 164 (grocery store exercised reasonable care by maintaining "a procedure … to deal with extra water resulting from rainy weather," *despite* rainwater pooled at entrance: "To require a merchant to keep the entrance/exit areas completely dry during rainy weather, or to hold the merchant responsible for every slick place due to tracked in rain water would, in effect, make him an insurer of his customer's safety."); *see also Melancon v. Popeye's Famous Fried Chicken*, 2010-1109 (La. App. 3 Cir. 3/16/11), 59 So. 3d 513, 515–16 (restaurant exercised reasonable care despite mop water pooled on floor "by placing two different 'wet floor' signs to alert customers that the floor had been mopped.").

In sum, Plaintiff has failed to produce *any* evidence to create a genuine dispute regarding whether Target exercised reasonable care in its response to the rain water that caused Plaintiff's slip and fall. Summary judgment is required. *Geiserman*, 893 F.2d at 793.

Accordingly,

**IT IS ORDERED** that Target's **Motion For Summary Judgment (Doc. 21)** be and is hereby **GRANTED**, and that Plaintiff's claims be and are hereby **DISMISSED WITH PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 6th day of April, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**